IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

DEANNA DUFFER )
)
v. ) NO. 3:04-0771
) JUDGE CAMPBELL
TOSHIBA AMERICA CONSUMER )
PRODUCTS, LLC )

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 14). For the reasons stated herein, Defendant's Motion is GRANTED, and this action is DISMISSED.

FACTS

Plaintiff is a former employee of Defendant Toshiba America Consumer Products, LLC ("Toshiba"). Plaintiff brings this action pursuant to the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101 *et seq.*, for gender and pregnancy employment discrimination. Plaintiff alleges that she worked for Toshiba from September 22, 2003, until December 9, 2003. Plaintiff claims that she was fired because of her gender and because of the fact that she was pregnant.

Defendant has moved for summary judgment, arguing that Plaintiff has failed to establish a *prima facie* case for gender or pregnancy discrimination and that, even if she had, Plaintiff has failed to show that Defendant's legitimate, nondiscriminatory reason for her firing was pretext. Defendant asserts that Plaintiff's employment was terminated for her violations of Toshiba's Plant Rules and Regulations.

MOTIONS FOR SUMMARY JUDGMENT

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Meyers v. Columbia/HCA Healthcare Corp., 341 F.3d 461, 466 (6th Cir. 2003). In deciding a motion for summary judgment, the court must view the factual evidence and draw all reasonable inferences in favor of the nonmoving party. Id.; Hopson v. DaimlerChrysler Corp., 306 F.3d 427, 432 (6th Cir. 2002).

To prevail, the non-movant must produce specific evidence that demonstrates there is a genuine issue of material fact for trial. Meyers, 341 F.3d at 466. A mere scintilla of evidence is insufficient; there must be evidence on which the jury could reasonably find for the non-movant. Id. The non-moving party may not rest on mere allegations but must set forth specific facts showing that there is a genuine issue for trial. Hopson, 306 F.3d at 432.

## PREGNANCY DISCRIMINATION

The Tennessee Human Rights Act ("THRA") is intended to further the policies of the federal Civil Rights Act of 1964 ("Title VII"), including the Pregnancy Discrimination Act of 1978 ("PDA"). Spann v. Abraham, 36 S.W.3d 452, 462 (Tenn. Ct. App. 1999). Accordingly, Tennessee courts may appropriately look to decisions of federal courts construing Title VII when analyzing claims under the THRA. Id. at 463; Dennis v. White Way Cleaners, 119 S.W.3d 688, 693 (Tenn. Ct. App. 2003).

Under the PDA, an unlawful employment practice occurs when pregnancy alone is a motivating factor for an adverse employment action. Spann at 464. The PDA requires employers to treat pregnant employees the same as other employees on the basis of their ability or inability to work. Id. at 463.

In order to establish a claim for pregnancy discrimination, Plaintiff must show that: (1) she was pregnant; (2) she was qualified for the job; (3) she was subjected to an adverse employment action; and (4) there is a nexus between her pregnancy and the adverse employment action. Prebilich-Holland v. Gaylord Entertainment Co., 297 F.3d 438, 442 (6th Cir. 2002); Spann at 465. To establish the connection between her pregnancy and the adverse employment action, Plaintiff must demonstrate that comparable non-pregnant employees received more favorable treatment. Id. In addition, in order to establish the fourth element of her case, Plaintiff bears the burden of demonstrating that Defendant had actual knowledge of her pregnancy at the time that the adverse employment action was taken. Prebilich-Holland at 444.

Plaintiff has admitted that, at no time prior to making the decision to terminate Plaintiff did Terry Duke, the supervisor who made the decision to fire her, know that Plaintiff was pregnant. Docket No. 21, ¶ 12. Plaintiff argues that this statement is immaterial. However, Mr. Duke could not have fired Plaintiff because she was pregnant if he did not know she was pregnant. There is no genuine issue as to credibility, motive or intent of Mr. Duke if Plaintiff agrees that Mr. Duke had no actual knowledge of her pregnancy at the time she was fired. Plaintiff has admitted a material fact which defeats any alleged nexus between her pregnancy and her firing. Moreover, Plaintiff has presented no evidence that similarly situated non-pregnant employees were treated more favorably than she.

For these reasons, Defendant's Motion for Summary Judgment as to Plaintiff's pregnancy discrimination claim is GRANTED, and that claim is DISMISSED.

## GENDER DISCRIMINATION

The THRA also prohibits employment discrimination based upon gender. Tenn. Code Ann. § 4-21-401(a). Again, the Court may look to gender discrimination cases under Title VII in

analyzing Plaintiff's THRA claim. Dennis, 119 S.W.3d at 693.

To make out a *prima facie* claim for gender discrimination, Plaintiff must show that (1) she is a member of a protected class; (2) she was subjected to an adverse employment action; (3) she was qualified for the position; and (4) she was treated differently than similarly situated male employees for the same or similar conduct. Humenny v. Genex Corp., Inc. 390 F.3d 901, 906 (6th Cir. 2004). Assuming Plaintiff can establish the first three elements of her claim, she nonetheless has produced no evidence that similarly situated male employees were treated differently from her. Defendant has produced evidence that, during the time period June 2003 through December 2003, a total of thirty-two employees, including male employees, were fired for the same reason Plaintiff was fired. Docket No. 16. Plaintiff has offered nothing to show that a similarly situated male employee was treated more favorably than she. Neither has she produced evidence of a nexus or connection between her gender and her firing.

Accordingly, the Court finds that Plaintiff cannot establish a *prima facie* case of gender discrimination, and Defendant's Motion for Summary Judgment on this issue is GRANTED.

## CONCLUSION

For all these reasons, Defendant's Motion for Summary Judgment (Docket No. 14) is GRANTED, and this action is DISMISSED.

IT IS SO ORDERED.

Todd Campbell
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE